UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charles Allen,<br><br>               Plaintiff,<br>v.<br><br>Sterling Talent Solutions,<br><br>               Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Charles Allen, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Charles Allen ("Plaintiff"), is an adult individual residing in Jackson, Tennessee, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5. The Defendant, Sterling Talent Solutions ("Sterling"), is a Washington business entity with an address of 1 State Street Plaza, 24th Floor, New York, New York 10004. Sterling is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u).  Sterling regularly engages in the business of

assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Plaintiff was offered a job at Gannett pending background check.

7. Plaintiff accepted the offer on January 28, 2019.

8. Thereafter, Gannett submitted Plaintiff's information to Defendant for a background screening report.

9. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Gannett.

10. Upon Gannett's receipt of the report, Plaintiff was put on leave.

11. The inaccurate report contained damaging information to Plaintiff's character and reputation.

12. According to the report, Plaintiff committed multiple crimes.

13. However, the information provided by Defendant Gannett is inaccurate, as the crimes reported are related to Plaintiff's namesake. Plaintiff does not have a criminal record.

14. The inaccurate report contains damaging information to Plaintiff's character and reputation.

15. In addition to being suspended, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

16. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Gannett.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its

agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

20. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

21. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

22. These failures directly caused Gannett to reject Plaintiff, which has damaged Plaintiff.

23. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 1, 2019

Respectfully submitted,

By  */s/ Sergei Lemberg*
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff